UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATALIE I. SPOELSTRA, | ) |
| Plaintiff, | ) No. CV-11-00006-CI |
| v. | ) ORDER GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) MOTION FOR SUMMARY JUDGMENT |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 14, 21.)  Attorney Rebecca M. Coufal represents Natalie I. Spoelstra (Plaintiff); Special Assistant United States Attorney Robert L. Van Saghi represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge. (ECF No. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

On October 3, 2007, Plaintiff protectively filed a Title II application for disability and disability insurance benefits.  On that same date, Plaintiff also filed a Title XVI application for supplemental security income, and in both applications, Plaintiff alleged disability beginning October 1, 2003. (Tr. 9.) She alleged

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

disability due to depression, anxiety disorder, and personality disorder, NOS. (Tr. 176.) Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). (Tr. 67-104.) A hearing was held on August 20, 2009, at which Vocational Expert Frederick Cutler, and Plaintiff, who appeared pro se, testified. (Tr. 27-61.) ALJ Moira Ausems presided. (Tr. 27.) The ALJ denied benefits on March 11, 2009. (Tr. 9-22.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 40 years old and lived in her father's house in Fort Washington with her two dogs and two cats. (Tr. 36; 43.) (Tr. 36-37.)

Plaintiff left school in the tenth grade. (Tr. 221.) At age 14, she moved in with a man she eventually married, and the couple separated when she was 22. (Tr. 222.) They had one daughter, who at the time of the hearing was in her early 20s, and had been raised primarily by her father. (Tr. 222.) In 1995, Plaintiff was convicted of forging checks, and while she was incarcerated at McNeil Island, she completed a GED. (Tr. 36-37; 221.)

Plaintiff has worked as a food server, a customer service representative, and as a physical technician at the Department of Transportation. (Tr. 38-40.) Plaintiff reported that she had a "really bad attendance problem" at work because she suffered from severe anxiety and depression and could not get out of bed. (Tr. 40.) She has described herself as a "drug addict," but she

testified that she has not consumed drugs or alcohol since 2003. (Tr. 42; 536.) Plaintiff testified that she has attempted suicide on multiple occasions. (Tr. 41-42.) In late 2003 through 2007, Plaintiff was incarcerated again for unlawful possession of a firearm. (Tr. 41.)

Plaintiff's daily activities include caring for her animals, cleaning the house, and working in the garden. (Tr. 50.) She drives herself to appointments and does her own grocery shopping. (Tr. 51.)

## ADMINISTRATIVE DECISION

At step one, ALJ Ausems found Plaintiff had not engaged in substantial gainful activity since October 1, 2003, the onset date. (Tr. 11.) At step two, she found Plaintiff had the following severe impairments: bipolar disorder; post-traumatic stress disorder; panic disorder; mixed personality disorder with borderline anti-social traits; and a history of polysubstance abuse disorder in sustained remission. (Tr. 11.) At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926). (Tr. 13.) In her step four findings, the ALJ found Plaintiff's statements regarding pain and limitations were not credible to the extent they were inconsistent with the RFC findings. (Tr. 15.) She found that Plaintiff retained the RFC to perform a full range of work at all exertional levels, except Plaintiff is limited to:

> [T]he performance of one-to-three step tasks, but she can comprehend, retain and persist at these tasks throughout a normal day and workweek; she requires a fairly predictable routine and guidance with multi-faceted plans and decisions; and she is unable to perform work requiring

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

```
           interaction with the general public, but she is able to
           maintain appropriate social functioning with supervisors
           and co-workers.
```

(Tr. 14-15.) ALJ Ausems found that jobs exist in significant numbers in the national economy that Plaintiff can perform, such as agricultural produce sorter, hand packager and assembly worker. (Tr. 21.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

**ISSUES**

The Plaintiff contends that the ALJ erred by (1) failing to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

fully and fairly develop the record; (2) substituting her lay opinion for the medical opinions; (3) failing to include all of Plaintiff's limitations in the hypothetical; and (4) improperly weighing the medical evidence. (ECF No. 15 at 14-19.) Defendant contends the ALJ's decision is supported by substantial evidence and free of legal error. (ECF No. 22.)

**DISCUSSION**

**A.  Developing the Record.**

Plaintiff contends the ALJ failed to fully and fairly develop the record. (ECF No. 15 at 13.) Plaintiff asserts that some of her medical records are missing, and the ALJ should have ordered a consultative evaluation. (ECF No. 15 at 14-15.)

The ALJ "has an independent 'duty to fully and fairly develop the record.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). If a social security claimant is not represented by counsel, it is "'incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (per curiam) (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan*, 242 F.3d at 1150.

On review, it is apparent that the record in this case is neither ambiguous nor inadequate to support a disability determination. Plaintiff asserts that some of her medical records

are missing, but fails to specifically identify the records and fails to establish that the missing records were material to the disability determination.  Plaintiff's vague reference to records from 2003, the lack of evidence of a bipolar disorder diagnosis[1] and Plaintiff's unsupported conclusion that because DSHS "generally" conducts psychological reviews every six months, more evaluations must exist but are not included in the record, are simply inadequate to establish that such records exist and are material. (ECF No. 15 at 14-15.)

The ALJ explicitly discussed medical records and reports from the Department of Corrections, Compass Mental Health Center, Suk Chang, M.D., Suzanne Canning, M.D., NE Washington Alliance Counseling Services, Kristine Harrison, Psy.D., and Bruce Eather, Ph.D. (Tr. 17-20.)  A *de novo* review of these records indicate that the medical records are not ambiguous, are from the relevant time period, and provide substantial evidence from which the ALJ could determine whether Plaintiff is disabled.  Because the evidence is unambiguous, and because the record is adequate to allow for proper evaluation of the evidence, the ALJ's failure to obtain the alleged missing medical records or order a consultative evaluation was not error.

---

[1] Contrary to Plaintiff's assertion that the record contains no evidence of her bipolar disorder diagnosis, this diagnosis is contained in the records from the Washington Corrections Center for Women Psychiatric Evaluation dated May 17, 2004, and is repeated by Lyndall Walker, MS, MHP, in the Compass Health Mental Health Assessment dated October 9, 2007. (Tr. 270-75; 358.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

**B.   Necessity of a medical expert.**

The Plaintiff contends that the ALJ erred by substituting her lay opinion for that of the medical examiners. (ECF No. 15 at 16.) An ALJ may not base his or her decision on "his [or her] own [medical] expertise." *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982) (ALJ should avoid commenting on meaning of objective medical findings without supporting medical expert testimony); see also *Gonzalez Perez v. Secretary of Health and Human Services*, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute own opinion for that of physician).  The ALJ, however, is free to choose "between properly submitted medical opinions," or, as here, between a medical opinion and other objective medical evidence in the record. *Gober v. Matthews*, 574 F.2d 772, 777 (3rd Cir. 1978). Indeed, this is the essence of what an ALJ does in Social Security disability cases. See *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(sole responsibility of ALJ to determine credibility and resolve ambiguities and conflicts in medical evidence).

In this case, the ALJ discussed the evidence presented, noted where the medical opinions were contradictory, and provided reasons for giving particular opinions less weight.  The ALJ reviewed each of Plaintiff's functional areas – daily living, social functioning, concentration, persistence or pace and decomposition episodes – and discussed the medical opinions attendant to each area. (Tr. 13-14.) Ultimately, the ALJ indicated she relied upon the assessments from Bruce Eather, Ph.D. and Kristine Harrison, Psy.D., because these evaluations were consistent with the majority of the evidence. (Tr. 20.) Dr. Harrison evaluated Plaintiff's medical records on December 21, 2007. (Tr. 373-90.) Dr. Harrison concluded that despite her

impairments, Plaintiff could comprehend, retain and persist on routine, one to three step tasks throughout a normal day and week. (Tr. 389.)  Dr. Harrison also concluded that Plaintiff could not work with the general public, and she would need a predictable routine with guidance for multifaceted plans and decisions. (Tr. 389.)  Dr. Eather affirmed these limitations. (Tr. 543.)  The ALJ included all Dr. Harrison's suggested limitations in Plaintiff's RFC. (Tr. 14-15.)  Because the ALJ's determination of Plaintiff's RFC is supported by medical evidence, Plaintiff's claim that the ALJ substituted her own lay opinion for medical expert opinions fails.

**C.  The Hypothetical.**

Plaintiff contends that the ALJ's hypothetical failed to include all Plaintiff's limitations. (ECF No. 15 at 19.) Specifically, Plaintiff contends the hypothetical failed to incorporate Dr. Channing's limitation that Plaintiff will have difficulty maintaining regular attendance at work without interruptions from her psychiatric condition. (ECF No. 15 at 19.)

An ALJ posing a hypothetical to a VE is not required to include all of a claimant's limitations, but only the limitations he or she finds credible that are supported by substantial evidence in the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1217-18 (9th Cir. 2005); *Osenbrock v. Apfel,* 240 F.3d 1157, 1165 (9th Cir. 2001).  The ALJ specifically discussed the opinion of Suzanne Canning, M.D. (Tr. 18.)  The ALJ indicated that she gave some weight to Dr. Canning's assessment, but noted that her opinions lacked supportive evidence because she did not review Plaintiff's medical records. (Tr. 19.) The ALJ concluded that Dr. Canning's opinion was based predominantly on the Plaintiff's subjective allegations, which were discordant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

with the physician's observations. (Tr. 19.) Where an ALJ determines that the plaintiff is not credible, and where the ALJ determines that a physician's opinion is essentially a rehashing of claimant's own statements, that opinion may be undermined by the ALJ's adverse credibility determination. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th cir. 2008); *Morgan*, 169 F.3d at 602-03 (upholding ALJ's discounting results of psychological testing conducted by examining psychologist in part because claimant was "not entirely credible"). In this case, the ALJ made an adverse credibility finding – that Plaintiff has not challenged – and as a result, the ALJ's discounting of Dr. Canning's opinions because they were based upon Plaintiff's self-reporting was a proper reason to discount Dr. Canning's assessment.

Moreover, the court notes that Dr. Canning is a medical doctor, not a psychologist. (Tr. 534-38.) An ALJ will "generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). Accordingly, the ALJ's decision to give greater weight to an examining and reviewing psychologist over an examining medical doctor was appropriate. As a result, the ALJ did not err in giving less weight to Dr. Canning's conclusion that Plaintiff would have difficulty maintaining regular attendance in the workplace and with completing a normal workday/workweek without interruption from her psychiatric condition. (Tr. 18-19.) As a result, the ALJ's hypothetical was not flawed because it contained all of the limitations that the ALJ found credible.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

**D.   Medical Opinions.**

The Plaintiff contends that the ALJ erred by improperly weighing the medical evidence. (ECF No. 15 at 17.) Plaintiff fails to specify which opinions she considers were improperly considered, and instead Plaintiff offers a general allegation that "the ALJ gave the non-examining, non-treating DDS record reviewing Ph.D.s [sic] great weight and the treating sources and CE sources less weight without providing [proper reasoning supported by substantial evidence]." (ECF No. 15 at 18.) Plaintiff also failed to provide any reasoning or legal briefing related to this issue.

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight is given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id*. However, the ALJ may give greater weight to a non-treating physician under certain circumstances. For example, when an examining or reviewing physician's opinion is based upon independent clinical findings that were not considered by the treating physician, the opinion of the nontreating source may be substantial evidence itself. *Andrews*, 53 F.3d at 1041. However, where the reviewing or examining physician's opinion contradicts the treating physician but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician, the treating physician opinion may be rejected only if the ALJ gives "specific,"

"legitimate reasons" based on substantial evidence in the record. *Id.*

In this case, the Plaintiff fails to identify the treating and examining medical opinions that she contends were improperly weighed. Plaintiff neither identifies particular opinions or assessments that should have been given controlling weight, nor does she identify particular opinions or assessments that deserved very little weight. Finally, Plaintiff fails to provide reasoning or argument to support her assertion. The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). In this case, the Plaintiff failed to cite to evidence or legal authority, or explain how the ALJ erred in weighing the medical evidence. The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

Case 2:11-cv-00006-CI   Document 23   Filed 10/17/12

therefore, will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

In this case, Plaintiff failed to provide citation to the record, legal authority, reasoning and argument to support her contention that the ALJ erred in weighing the medical evidence. As a result, this issue will not be addressed.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No.21)** is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment **(ECF No. 14)** is **DENIED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

DATED October 17, 2012.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13